# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| DUDLEY BOLTON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION 08-0310-WS-M |
| | ) |
| WJV MISSISSIPPI, INC., etc., | ) |
| | ) |
| Defendant. | ) |

## ORDER

This matter is before the Court on the defendant's motion for summary judgment. (Doc. 64). The parties have submitted briefs and evidentiary materials in support of their respective positions, (Docs. 64-66, 69-71), and the motion is ripe for resolution. After carefully considering the foregoing, the Court concludes that the motion is due to be granted in part and denied in part.[1]

## BACKGROUND

According to the complaint, the plaintiff was a business invitee at the defendant's Buffalo Wild Wings establishment ("the Restaurant") in Pascagoula on or about June 23, 2007. While there, the plaintiff slipped in water that overflowed from the kitchen area, tearing cartilage in his right knee and requiring surgery. During this surgery, the surgeon cut a nerve that caused pain and suffering as well as additional surgery and lingering symptoms. The complaint alleges causes of action for negligence and gross negligence. (Doc. 1).

---

[1] The defendant also moves to exclude the testimony of the plaintiff's expert witness Dennis Howard. (Doc. 63). The plaintiff states he will not call Howard as an expert. (Doc. 68). Accordingly, the defendant's motion is **denied as moot**.

[1]

The defendant argues that the plaintiff has no evidence to support his negligence claim, that he has no evidence the defendant was grossly negligent, and that it is not liable for any exacerbation of the plaintiff's condition occurring as a result of surgery.

## DISCUSSION

Summary judgment should be granted only if "there is no issue as to any material fact and the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The party seeking summary judgment bears "the initial burden to show the district court, by reference to materials on file, that there are no genuine issues of material fact that should be decided at trial." *Clark v. Coats & Clark, Inc.,* 929 F.2d 604, 608 (11th Cir. 1991). "If the party moving for summary judgment fails to discharge the initial burden, then the motion must be denied and the court need not consider what, if any, showing the non-movant has made. [citation omitted] If, however, the movant carries the initial summary judgment burden ..., the responsibility then devolves upon the non-movant to show the existence of a genuine issue of material fact." *Fitzpatrick v. City of Atlanta*, 2 F.3d 1112, 1116 (11th Cir. 1993). "If the nonmoving party fails to make 'a sufficient showing on an essential element of her case with respect to which she has the burden of proof,' the moving party is entitled to summary judgment." *Clark*, 929 F.2d at 608 (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986)) (footnote omitted); *see also* Fed. R. Civ. P. 56(e)(2) ("If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may … consider the fact undisputed for purposes of the motion ….").

"When the *moving* party has the burden of proof at trial, that party must show *affirmatively* the absence of a genuine issue of material fact: it must support its motion with credible evidence ... that would entitle it to a directed verdict if not controverted at trial. [citation omitted] In other words, the moving party must show that, on all the essential elements of its case on which it bears the burden of proof, no reasonable jury could find for the nonmoving party." *United States v. Four Parcels of Real Property*,

941 F.2d 1428, 1438 (11th Cir. 1991) (en banc) (emphasis in original); *accord Fitzpatrick*, 2 F.3d at 1115.

In deciding a motion for summary judgment, "[t]he evidence, and all reasonable inferences, must be viewed in the light most favorable to the nonmovant …." *McCormick v. City of Fort Lauderdale*, 333 F.3d 1234, 1243 (11th Cir. 2003).

"There is no burden upon the district court to distill every potential argument that could be made based upon the materials before it on summary judgment." *Resolution Trust Corp. v. Dunmar Corp.*, 43 F.3d 587, 599 (11th Cir. 1995). Accordingly, the Court's limits its review to those legal arguments the parties have expressly advanced.

**I. Negligence.**

From testimony and a photograph, it is clear that, from the front door of the Restaurant to the rear, there are a number of areas occupying a narrow slice of the premises. Just inside the door is a waiting area. Beyond that is a hostess podium. Beyond that is a to-go counter. Beyond that is a drink dispenser. Beyond that but to the side is the bar. The plaintiff had made plans to meet a friend at the bar. He entered by the front door and made his way to the bar. The plaintiff alleges that, between the front door and the bar, he slipped in water. There is evidence that, at the time of his fall, water was on the floor around the to-go counter. The defendant, however, argues that the plaintiff has admitted he slipped and fell between the front door and the podium, before reaching the wet floor. This is important because, under governing Mississippi law, the defendant can be liable only if it created the hazard or if it knew or should have known of the hazard. There is evidence the defendant created the water condition by the to-go counter but no evidence that it created, or was on notice of, any water condition between the front door and the podium.

The defendant's argument fails because the defendant has not shown that the plaintiff's deposition testimony eliminates any genuine issue of material fact as to where he fell. The defendant relies on the following testimony: "I was meeting someone to get

[3]

something to eat and drink and just walked in the door and it was that simple.  The little man standing at the podium couldn't even get it out of his mouth how many people and that's when I slipped and fell." (Plaintiff's Deposition at 29).

The defendant appears to assume that the plaintiff could not have passed the podium because he had not told the host how many people were in his party.  It may well be that most people wait until the host has granted permission before they proceed past the host station, but the Court on motion for summary judgment cannot simply assume that the plaintiff did so, especially since he was going to the bar, not to a restaurant table.  Nor can the Court simply assume that the host was not otherwise occupied with another customer or other business when the plaintiff arrived or that he immediately began to address the plaintiff.  While it would be reasonable to infer from the plaintiff's testimony that he fell between the front door and the podium, the conclusion is not logically compelled.  Accordingly, this testimony does not preclude the plaintiff from showing that he slipped around the to-go counter.

The defendant also notes that the plaintiff testified he was "right by the podium" and "right next to the podium" when he fell.  (*Id.* at 35-36).  As reflected in other testimony and the photograph, the to-go counter is the next thing past the podium as one moves to the interior of the Restaurant; it is thus fairly characterized as "right by" or "right next to" the podium.[2]  This testimony likewise does not preclude the plaintiff from showing that he slipped around the to-go counter.[3]

Moreover, the plaintiff also testified that he had just stepped between two rugs when he slipped.  (Plaintiff's Deposition at 32-33).  The defendant's 30(b)(6)

---

[2] The defendant's 30(b)(6) representative agreed that the podium is "right in front of" the to-go counter.  (Brand-Kania Deposition at 33).

[3] The plaintiff apparently drew a map of the restaurant at his deposition and marked, inter alia, where the podium and to-go counter are and where his fall occurred.  (Plaintiff's Deposition at 35-36).  The defendant, however, did not submit the map on motion for summary judgment.

[4]

representative testified that there were not two rugs in the area between the front door and the hostess station, (Brand-Kania Deposition at 30), while the photograph shows two rugs behind the podium and around the to-go counter, which photograph the general manager on duty at the time of the incident confirmed as an accurate depiction of the Restaurant's interior. (Cowan Deposition at 11). It would be reasonable to infer that, if the plaintiff slipped between two rugs, and there are two rugs around the to-go counter but not between the front door and the podium, then the plaintiff slipped around the to-go counter.

The defendant's motion for summary judgment depends on the proposition that the plaintiff in deposition has irretrievably admitted that he slipped and fell before reaching the to-go area. Because he has not done so, the defendant's motion fails.

## II. Gross Negligence.

The plaintiff concedes that the defendant is entitled to summary judgment as to this claim. (Doc. 69 at 2, 13, 16).

## III. Exacerbation of Injury.

During surgery to correct the locking and catching resulting from the plaintiff's fall, Dr. Setzler nicked the peroneal nerve, causing a condition known as "foot drop." The defendant argues that, "[b]ased on Miss. Code § 85-5-7, defendant is not liable for any exacerbation of Mr. Bolton's condition from Dr. Setzler's actions." (Doc. 65 at 20). The defendant quotes and relies specifically on subsection (2), (*id*. at 19),which provides in pertinent part as follows: "[I]n any civil action based on fault, the liability for damages caused by two (2) or more persons shall be several only, and not joint and several, and a joint tort-feasor shall be liable only for the amount of damages allocated to him in direct proportion to his percentage of fault."

The defendant cites no case construing Section 85-5-7, but the plaintiff does. The Fifth Circuit cited a number of Mississippi cases for the proposition that "a party's act or

[5]

omission will not justify allocation of fault unless the party could be found, at least, negligent." *Travelers & Casualty Surety Co. v. Ernst & Young LLP*, 542 F.3d 475, 493 (5th Cir. 2008). Dr. Setzler is not a party, but the defendant offers no reason a like rule would not apply with respect to him. It appears from this statement of the rule that Dr. Setzler's conduct would not limit the defendant's liability under Mississippi comparative fault principles unless Dr. Setzler was at least negligent.

The plaintiff characterizes its invocation of Section 85-5-7 as a defense. (Doc. 71 at 12). On motion for summary judgment, therefore, it must establish that no reasonable jury could fail to find Dr. Setzler negligent. While the defendant accuses Dr. Setzler of medical malpractice, (Doc. 65 at 19), it points to no evidence that would compel that conclusion.[4] Even if the defendant is correct that medical negligence can be established without expert testimony (which the defendant apparently does not have), (Doc. 71 at 12), and even if the defendant is correct that the mere fact of injury is enough to *allow* a jury to infer malpractice in this case, (*id*.), it has not shown that a jury would be *required* to find Dr. Setzler to have been negligent.

The defendant also argues that Dr. Setzler's conduct constitutes a superseding cause, which keeps the nerve damage, and the pain and surgeries following it, from being a proximate result of the defendant's alleged negligence. (Doc. 65 at 20-21; Doc. 71 at 13-14). The very case it quotes, however, limits an intervening cause to something "like medical malpractice," (Doc. 65 at 20), and as discussed above the defendant has not shown the absence of a genuine issue of material fact as to whether Dr. Setzler committed malpractice.

The defendant argues that it has an expert witness poised to testify that all of the plaintiff's post-surgery damages were caused by Dr. Setzler's nicking of the peroneal

---

[4] The defendant notes that Dr. Setzler verbally "took full responsibility" for the nerve damage. (Doc. 65 at 20). By this statement Dr. Seltzer did not admit negligence, only responsibility.

nerve. (Doc. 65 at 21; Doc. 71 at 14). The defendant did not place the expert's report, testimony or opinions in the record, and it is not clear how his mere existence somewhere in the shadows assists the defendant on motion for summary judgment. Even had it presented this evidence, the defendant has not explained how the expert's opinion would require the conclusion that Dr. Setzler's conduct is a superseding cause under Mississippi law. The defendant deals with superseding cause simply by quoting a case stating that such a cause is the act of a third person "which by its intervention prevents the actor from being liable for harm to another which his antecedent negligence is a substantial factor in bringing about." (Doc. 71 at 13). But whether a cause cuts off a tortfeasor's continuing liability is a question of law, not of a doctor's medical opinion; certainly the defendant has not attempted to show the contrary.

## CONCLUSION

The Court has and expresses no opinion on the ultimate merits of this action. On the limited argument, evidence and authority presented, the defendant's motion for summary judgment is **granted** as to Count Two and **denied** as to Count One.

DONE and ORDERED this 15th day of December, 2010.

s/ WILLIAM H. STEELE
CHIEF UNITED STATES DISTRICT JUDGE