## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

DUDLEY BOLTON, )
 )
    Plaintiff, )
 )
v. ) CIVIL ACTION 08-0310-WS-M
 )
WJV MISSISSIPPI, INC., etc., )
 )
    Defendant. )

## ORDER

This matter is before the Court on the defendant's motion to alter, amend or vacate and alternative motion to reconsider. (Doc. 75). The motion addresses the Court's order denying in part the defendant's motion for summary judgment. (Doc. 74). Because that order did not result in a judgment, a motion to alter or amend under Rule 59(e) is not indicated, and the Court construes the motion as one to reconsider.

The grant or denial of a motion to reconsider is left to the discretion of the trial court. *Chapman v. AI Transport*, 229 F.3d 1012, 1023-24 (11th Cir. 2000) (en banc). Such a motion may not be used as a vehicle to inject new arguments into the underlying motion, or to submit evidence previously available but not properly presented on the underlying motion. *Mays v. United States Postal Service*, 122 F.3d 43, 46 (11th Cir. 1997). Nor may it be used to "relitigate old matters." *Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 957 (11th Cir. 2009) (internal quotes omitted). Instead, "[a] motion to reconsider is only available when a party presents the court with evidence of an intervening change in controlling law, the availability of new evidence, or the need to correct clear error or manifest injustice." *Gibson v. Mattox*, 511 F. Supp. 2d 1182, 1185

(S.D. Ala. 2007) (internal quotes omitted).[1]  As this Court has noted, "[m]otions to reconsider serve a valuable but limited function.  They do not exist to permit losing parties to prop up arguments previously made or to inject new ones, nor to provide evidence or authority previously omitted.  They do not, in short, serve to relieve a party of the consequences of its original, limited presentation." *Dyas v. City of Fairhope*, 2009 WL 5062367 at *3 (S.D. Ala. 2009).

The complaint alleges that the plaintiff was a business invitee at the defendant's Buffalo Wild Wings establishment ("the Restaurant") in Pascagoula when he slipped in water that the defendant negligently allowed to overflow from the kitchen area.  As noted by the Court, it is clear from testimony and a photograph of the premises that, from the front door of the Restaurant to the rear, there are a number of areas occupying a narrow slice of the premises.  Just inside the door is a waiting area.  Beyond that is a hostess podium. Beyond that is a to-go counter.  Beyond that is a drink dispenser.  Beyond that but to the side is the bar, where the plaintiff was headed.

There is evidence that, at the time of his fall, water was on the floor around the to-go counter.  The defendant, however, argued that the plaintiff has unequivocally admitted he slipped and fell between the front door and the podium, before reaching the wet floor.  This is important because, under governing Mississippi law, the defendant can be liable only if it created the hazard or if it knew or should have known of the hazard.  There is

---

[1]While *Mays* and *Wilchombe* involved post-judgment motions under Rule 59(e), courts within this Circuit have often applied these principles to pre-judgment motions to reconsider.  *E.g., Busby v. JRHBW Realty, Inc.*, 2009 WL 1181902 at *2 (N.D. Ala. 2009); *Controlled Semiconductor, Inc. v. Control Systemation, Inc.*, 2008 WL 4459085 at *2 (M.D. Fla. 2008); *Eslava v. Gulf Telephone Co.*, 2007 WL 1958863 at *1 (S.D. Ala. 2007);  *Summit Medical Center, Inc. v. Riley*, 284 F. Supp. 2d 1350, 1355 (M.D. Ala. 2003). This is only sensible, since allowing parties to withhold arguments and evidence until after losing is equally destructive of judicial economy and fairness in either context. *E.g., Gibson*, 511 F. Supp. 2d at 1185 (even pre-judgment, "in the interests of finality and conservation of scarce judicial resources, reconsideration of an order is an extraordinary remedy that is employed sparingly").

evidence the defendant created the water condition by the to-go counter but no evidence that it created, or was on notice of, any water condition between the front door and the podium.

In support of its argument, the defendant relied on the following deposition testimony from the plaintiff: "I was meeting someone to get something to eat and drink and just walked in the door and it was that simple. The little man standing at the podium couldn't even get it out of his mouth how many people and that's when I slipped and fell." The Court ruled that this testimony did not negate the plaintiff's ability to prove that he fell in the to-go area, because the defendant's argument depended on the assumption that the host began to speak to the plaintiff before the plaintiff had reached the to-go area. While it might be reasonable to infer that the plaintiff was still in the entryway if the host had not finished addressing him, this is not a logically compelled conclusion. The defendant offered no evidence that the plaintiff (who was headed to the bar, not the dining area) stayed in the entryway pending permission from the host to pass. Nor did the defendant present evidence that the host began addressing the plaintiff immediately upon his crossing the threshold. Without such evidence, the plaintiff's testimony is as consistent with a fall in the to-go area as it is with a fall in the entryway.

The only other evidence on which the defendant relied was the plaintiff's deposition testimony that he was "right by the podium" and "right next to the podium" when he fell. The defendant's assumption here was that "right by" and "right next to" conclusively mean near, but not past, the podium. This also may be a reasonable interpretation of the plaintiff's testimony, but it is not the only one. The photographic evidence reflects that the to-go counter, while past the podium, is "right next to" it; indeed, the defendant's own 30(b)(6) representative described the podium as "right in front of" the to-go counter. Thus, the plaintiff's testimony is consistent with a fall in the to-go area.

The defendant's argument on motion for summary judgment ignored other evidence favorable to the plaintiff. In particular, the plaintiff testified at his deposition

that he had just stepped between two rugs when he slipped.  The defendant's 30(b)(6) representative testified that there was only one rug between the front door and the hostess station, while the photograph shows two rugs behind the podium and around the to-go counter, and the general manager on duty at the time of the incident confirmed that the photograph accurately depicts the Restaurant's interior.  It obviously would be reasonable to infer that, if the plaintiff slipped between two rugs, and there are two rugs around the to-go counter but not between the front door and the podium, then the plaintiff slipped in the to-go area.

The defendant argues that the Court's opinion is riddled with "speculat[ion] and "guess-work."  (Doc. 75 at 3-4).  It is nothing of the kind.  Instead, it relies only on the "reasonable inferences" that the law requires the Court to credit to the non-movant.  *McCormick v. City of Fort Lauderdale*, 333 F.3d 1234, 1243 (11th Cir. 2003).  That alternative reasonable inferences, more favorable to the defendant, may also exist is legally irrelevant.[2]

The defendant next insists that, because the plaintiff did not point out these flaws in the defendant's evidence (but instead offered additional evidence, including that of the rugs), the Court was powerless to point them out.  (Doc. 75 at 3).  In the first place, the plaintiff in opposition to summary judgment emphasized his deposition testimony that he slipped between two rugs, along with the evidence that only the to-go counter, not the entryway, had two rugs.  That evidence alone creates a genuine issue of fact as to where the fall occurred, which moots the defendant's argument.  Even if the Court is "limited to

---

[2] The defendant complains that the Court piled inference on inference.  (Doc. 75 at 3). This is an odd objection, given the defendant's insistence that the mere fact the plaintiff fell before being asked how many were in his party of itself conclusively establishes he fell in the entryway, but in any event the defendant concedes that there is no prohibition on the practice. (*Id*.).

[4]

the legal arguments advanced by the parties," (Doc. 75 at 2),[3] the argument the Court addressed was that advanced by the defendant – that the plaintiff's deposition testimony quoted above negated his ability to prove a fall in the to-go area. The Court was perfectly free to point out why this testimony – either on its own or in tension with the "rug" testimony from the same deposition – did not in fact negate such ability.

It was clear from the deposition excerpts the defendant submitted on motion for summary judgment that the plaintiff had drawn a map of the Restaurant and marked on it where his fall had occurred. For whatever reason, the defendant elected not to submit the map in support of its motion for summary judgment. On motion to reconsider, it seeks to rectify the deficiency. (Doc. 75 at 4-5). As noted above, this is an improper use of a motion to reconsider.[4]

Finally, the defendant notes that the Court's order on motion for summary judgment failed to address the defendant's argument that the plaintiff cannot establish that standing water on a tile floor in a restaurant's customer area is a dangerous condition. (Doc. 75 at 5 n.5). The Court did not address this argument, and a motion to reconsider is a proper vehicle for bringing the omission to the Court's attention.[5]

---

[3] This is a prudential limitation, not a jurisdictional one, (Doc. 74 at 3), though one to which the Court traditionally adheres.

[4] Because the plaintiff testified that he slipped between two rugs, and because both the evidence discussed in text and the plaintiff's map show two rugs only around the to-go counter, not in the entryway, considering the map would not negate the plaintiff's ability to prove that he fell in the to-go area. It would still be for the jury to determine which of the plaintiff's depictions of where he fell was correct.

[5] The Court must note that this three-sentence argument was hidden within a nine-page section that focused on the presence vel non of water in the entryway (not the to-go counter) and the defendant's awareness of it. (Doc. 65 at 11). This entire section was immaterial to the motion for summary judgment, since it was clear that a fact issue existed as to whether the plaintiff had fallen in the to-go area. As an "independen[t]" ground for relief, (Doc. 75 at 5 n.5), the defendant's "dangerous condition" contention should have been set apart and identified as applying even if the plaintiff fell in the to-go area. "Judges are not like pigs, hunting for truffles (Continued)

[5]

The sum of the defendant's argument on this score is as follows: (1) the plaintiff has no expert to testify that liquid on floors constitutes a dangerous condition; (2) therefore, the plaintiff cannot establish that water on the Restaurant's tile floor constitutes a dangerous condition. (Doc. 65 at 11). The defendant identifies no case requiring expert testimony on this point and offers no explanation why expert testimony should be legally required. It simply posits the conclusion. This is patently inadequate to carry the defendant's burden and shift to the plaintiff the burden to respond.

The defendant addresses the "dangerous condition" angle in more detail in its reply brief. (Doc. 71 at 6-9).[6] Its discussion focuses on explaining why the testimony of both its general manager and its 30(b)(6) representative that water on the floor is a dangerous condition – offered by the plaintiff in opposition to summary judgment – is inadequate to avoid summary judgment.[7] Curiously, the defendant does not argue that the witnesses may not so testify because they are not experts; instead, it argues that whether a condition is dangerous or not is a legal conclusion rather than an issue of fact, such that neither lay nor expert testimony is permitted. As a new argument first raised in reply, this assertion comes too late to be considered.[8] Moreover, the defendant again

---

buried in briefs." *Smith v. Secretary, Department of Corrections*, 572 F.3d 1327, 1352 (11th Cir. 2009) (internal quotes omitted).

[6] Its presentation again appeared in a section devoted to issues surrounding water in the entryway, not the to-go area.

[7] As noted, the defendant never carried its initial burden on motion for summary judgment. That the plaintiff nevertheless responded to the argument does not excuse the defendant's failure. "If the party moving for summary judgment fails to discharge the initial burden, then the motion must be denied and the court need not consider what, if any, showing the non-movant has made." *Fitzpatrick v. City of Atlanta*, 2 F.3d 1112, 1116 (11th Cir. 1993).

[8] *See Park City Water Authority v. North Fork Apartments, L.P.*, 2009 WL 4898354 at *1 n.2 (S.D. Ala. 2009) (citing cases from over 40 districts applying the rule in 2009 alone).

provides neither legal authority nor reasoned explanation to support its position that the issue is one of law rather than fact, leaving the Court nothing to consider.

On motion to reconsider, the defendant cites a 2007 case which it says "discuss[es] testimony by experts for both parties about the standards applying to a tile floor in a slip and fall case." (Doc. 75 at 5 n.5). As noted above, a motion to reconsider cannot legitimately be used to provide legal authority that could have been, but was not, submitted on the underlying motion.

For the reasons set forth above, the defendant's motion to alter, amend or vacate and to reconsider is **denied**.

DONE and ORDERED this 30th day of December, 2010.

s/ WILLIAM H. STEELE
CHIEF UNITED STATES DISTRICT JUDGE