IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| DUDLEY BOLTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION 08-0310-WS-M |
| | ) | |
| WJV MISSISSIPPI, INC., etc., | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

This matter is before the Court on the defendant's motion in limine concerning evidence of medical bills and expenses. (Doc. 88 at 20-22). The Court by previous order granted the motion with respect to Springhill Memorial Hospital, the Mayo Clinic and the Orthopaedic Group and denied the motion with respect to Alabama Orthopaedic Clinic. (Doc. 100 at 12-15).

As to all other providers, the Court concluded that the plaintiff had violated Rule 26(a)(1)(A)(iii) by not providing timely disclosures, that the failure was not substantially justified for purposes of Rule 37(c), and that the failure was not harmless for purposes of Rule 37(c) except to the extent the defendant timely received by other means the information and documents the plaintiff improperly failed to provide. The Court also concluded that the appropriate remedy, absent harmlessness, was exclusion of the medical bills and testimony concerning them. The Court ordered the defendant to submit its statement as to what information and documents it received as to the plaintiff's medical bills, by what means it received them, and approximately when. (Doc. 100 at 16-22). The defendant has now complied, (Doc. 102), and the balance of its motion in limine is ripe for resolution.

On July 22, 2010, the defendant received from the plaintiff medical bills from Microspine (Dr. Kunis) in the amount of $45,532.24. (Doc. 102 at 7). Dr. Kunis'

[1]

deposition was taken on August 20, 2010. (Doc. 96, Exhibit 5). The discovery period expired on September 3, 2010. (Doc. 49 at 1). The Court concludes that the defendant received these bills in sufficient time to eliminate any harm to it from the tardy disclosure. The motion in limine as to these bills, totaling $45,532.24, is **denied**. To the extent the plaintiff seeks recovery in any greater amount,[1] the motion is **granted**. The plaintiff, his counsel and all witnesses are precluded from making any reference to charges not reflected in the $45,532.24 identified in the defendant's response, attempting to introduce evidence of them, or seeking recovery of any amount in excess of $45,532.24 with respect to Microspine/Dr. Kunis.

On May 21, 2010, the defendant received from the plaintiff medical bills from University of Alabama Health Services Foundation (Dr. Gould) in the amount of $8,512.00. (Doc. 96, Bolt Affidavit & Exhibit A; Doc. 102 at 5-6). Both Dr. Gould's deposition and the expiration of the discovery period occurred long after. The Court concludes that the defendant received these bills in sufficient time to eliminate any harm to it from the tardy disclosure. The motion in limine as to these bills, totaling $8,512.00, is **denied**. To the extent the plaintiff seeks recovery in any greater amount,[2] the motion is **granted**. The plaintiff, his counsel and all witnesses are precluded from making any reference to charges not reflected in the $8,512.00 identified in the defendant's response, attempting to introduce evidence of them, or seeking recovery of any amount in excess of $8,512.00 with respect to the Foundation/Dr. Gould.

The defendant received medical records from UAB Hospitals but no billing records. (Doc. 102 at 4). Nor did the defendant's subpoena to the insurer uncover any payments to UAB. (*Id*. at 5). Accordingly, the motion in limine as to the bills of UAB

---

[1] The plaintiff apparently claims medicals of $50,761.80 from Microspine. (Doc. 102, Exhibit A).

[2] The plaintiff apparently claims medicals of $10,302.00 from the Foundation. (Doc. 102, Exhibit A).

Hospitals is **granted**. The plaintiff, his counsel and all witnesses are precluded from making any reference to these charges, attempting to introduce evidence of them, or seeking recovery of the amounts represented by the charges.

As to the remaining providers, the plaintiff did not identify them in response to discovery requests seeking identification of the relevant health care providers. (Doc. 102, Exhibit D at 2; Doc. 88, Exhibit I at 1-2). The defendant therefore did not issue subpoenas to these providers and received no bills or other information from them. As to some of them, the records from the insurer were silent; as to the remainder, the insurer's records provided only date of service, name of provider, and benefits paid – information patently inadequate to alert the defendant that the provider had provided relevant services, much less the nature of the service or the amount charged by the provider. As to all of these providers,[3] the motion in limine is **granted**. The plaintiff, his counsel and all witnesses are precluded from making any reference to these charges, attempting to introduce evidence of them, or seeking recovery of the amounts represented by the charges.

To be clear, the plaintiff's potential recovery of medical expenses in this action is now capped as follows:

| | |
|---|---|
| Alabama Orthopaedic Clinic (including Charles Hall) | $13,528.00 |
| University of Alabama Health Services Foundation | 8,512.00 |
| Microspine/Dr. Kunis | 45,532.24 |

DONE and ORDERED this 14th day of February, 2011.

s/ WILLIAM H. STEELE
CHIEF UNITED STATES DISTRICT JUDGE

---

[3] They are: Randall Charles Boudreaux, M.D.; Coastal Anesthesia; Pilar L. Kirkland, M.D.; Coastal Radiology Associates; Orthotic & Prosthetic Associates; Howard Walker, III, M.D.; Pathology Lab Associates; RS Medical; McAbee Medical, Inc.; and DJ Orthopedics.